**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 6:20-CR-00284-07** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **KENDRICK JAMES (07)** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

# MEMORANDUM ORDER

Before the Court is a "Motion for Early Termination of Supervised Release" (Doc. 549) filed by *pro se* Defendant Kendrick James. James requests that his supervised release be terminated early due to his compliance with the terms and conditions of supervised release, his continued lawful conduct and personal responsibility. James also informs the Court that he is gainfully employed as a business owner of a construction company with work being performed in Sulphur and Lake Charles, Louisiana, and with opportunities to work outside of Louisiana.

The United States opposes James's request for early termination. The United States reminds the Court that James was charged with Conspiracy to Distribute and Possess with Intent to Distribute Cocaine (Heroin), in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C), and Possession with Intent to Distribute a Controlled Substance (Heroin), in violation of 21 U.S.C. § 841(b)(1)(C).

The United States also remarks that during the pretrial proceedings,[1] the United States Probation Office filed three petitions for action on conditions of pretrial release. The

[1] Defendant was released on a $20,000.00 unsecured bond.

petitions alleged violations including failed drug screens, failure to appear for both random and scheduled drug screens, and an arrest for domestic abuse battery (which, according to the Presentence Investigation Report, was dismissed because the victim refused to testify).

On May 30, 2023, James pleaded guilty to a Bill of Information charging him with Interstate Travel in Aid of Racketeering. According to the Presentence Investigation Report, James was held accountable for 20.005 kilograms of Converted Drug Weight, which resulted in a Base Offense Level of 16.

On October 13, 2023, James was sentenced to 16 months of imprisonment and three years of supervised release. He was ordered to surrender on January 8, 2024, for service of sentence. James was placed on supervised release on March 21, 2025.

A Court may terminate supervised release after one year with consideration of all relevant factors. See 18 U.S.C. § 3583(e)(1); 18 U.S.C. § 3553(a); *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998). The Court must be "satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice." 18 U.S.C. § 3583(e)(1). Early termination of supervised release is not an entitlement. *United States v. George*, 534 F. Supp. 3d 926, 927 (N.D. Ill. 2021). Instead, the defendant bears the burden of demonstrating that early termination is warranted. *Id*.; *United States v. Luna*, No. 1:95-cr-05036-AWI, 2018 WL 10156108, at *1 (E.D. Cal. Mar. 12, 2018), aff'd, 747 F. App'x 561 (9th Cir. 2018). Early termination "is not warranted as a matter of course." *United States v. Shellef*, No. 03-CR-0723 (JFB), 2018 WL 3199249, at *1 (E.D.N.Y. Jan. 9, 2018). "To the contrary, it is only 'occasionally' justified." *Id*. (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). Broad discretion is given to the Court in

determining whether to terminate supervised release, but in general, "something more than compliance with the terms of supervised release is required to justify an early termination." *United States v. Seymore*, No. 07-0358, 2023 WL 3976200, at *1 (E.D. La. June 13, 2023).

Compliance with conditions of supervised release is not exceptional; it is expected and required. *United States v. Taylor*, 729 F. App'x 474, 475 (7th Cir. 2018) ("[M]ere compliance with the terms of supervised release is expected, and without more, insufficient to justify early termination."); *United States v. Sandles*, No. 11-CR-204-PP, 2021 WL 3080995, at *3 (E.D. Wis. July 21, 2021) ("[C]ourts have held 'that the conduct of the defendant necessary to justify early termination should include more than simply following the rules of supervision; otherwise, every defendant who avoided revocation would be eligible for early termination." (internal quotations omitted); *see United States v. Berger*, No. CR 09-308, 2021 WL 2354517, at *5 (W.D. Pa. June 9, 2021) ("Compliance with the conditions of supervision, including refraining from engaging in criminal conduct and paying restitution, however, is required behavior while serving a term of supervised release.").

The United States argues that to the extent that James has been compliant while on supervised release, such compliance is tied to the structure, oversight, and expectations provided by the United States Probation Office. The United States maintains that such supervision has been effective and therefore requests that the Court deny James's request.

The Court agrees with the Government that James's compliance is the result of the United States Probation Offices' supervision of Defendant. Accordingly,

**IT IS ORDERED** that the Motion for Early Termination of Supervised Release" (Doc. 549) is **DENIED.**

**THUS DONE AND SIGNED** in chambers on this 21st day of September, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**